SAMUEL, Judge.
On April 15, 1977 plaintiff filed suit against Associated Catholic Charities of New Orleans, Inc., the Archdiocese of New Orleans, its insurers, and others seeking damages allegedly sustained by him and his alleged minor child as a result of certain services and counseling rendered to the mother of the child by the defendants or some of the defendants. The matter is before us on our grant of defendants’ application for writs.
The case has not been tried on its merits. The only issue presented is the propriety of an April 20, 1979 trial court order and an October 31, 1979 trial court judgment. The order reads: “IT IS ORDERED, that attorney Mark Lane and attorney April R. Ferguson, be hereby allowed to represent plaintiff, Harry T. Begg, III, as co-counsel in the above numbered cause.” The judgment reads: “IT IS ORDERED, ADJUDGED AND DECREED that attorney Mark Lane and attorney April R. Ferguson be allowed to associate as co-counsel of record with plaintiff Harry T. Begg, III, in proper person, in this cause.” The judgment was rendered following a hearing on a defendant motibn to strike the names of Mark Lane and April R. Ferguson from the record as co-counsel for plaintiff.
The controlling law is R.S. 37:213, 214 and 215, and Article 14, Section 9, Articles of Incorporation of the Louisiana State Bar Association,[1] which read (in pertinent part as to 213 and 214):
“No natural person, who has not first been duly and regularly licensed and admitted to practice law by the Supreme Court of this state, no partnership except one formed for the practice of law and composed of such duly licensed natural persons, and no corporation or voluntary association except a professional law corporation organized pursuant to Chapter 11 of Title 12 of the Revised Statutes, shall:
(1) Practice law;” R.S. 37:213.
“Except as provided in this Section, no person licensed or qualified to practice as an attorney at law or as an attorney and counsellor at law in any other state and temporarily present in this state shall practice law in this state, unless he has been first duly licensed to practice law by the supreme court of this state or unless he acts in association with some attorney duly licensed to practice law by the supreme court of this state.
Nothing in this Chapter prevents the practice of law in this state by a visiting attorney from a state which, either by statute or by some rulé of practice accorded specific recognition by the highest court of that state, has adopted a rule of reciprocity that permits an attorney duly licensed and qualified to practice law in this state to appear alone as an attorney in all courts of record in the other state, without being required to be admitted to practice in such other state, and without being required to associate with himself some attorney admitted to practice in the other state.” R.S. 37:214.
*668 “Whenever any visiting attorney desires to exercise the privilege of appearing alone as counsel of record in any case in any court of record in this state, under the provisions of the second paragraph of R.S. 37:214, he shall, before filing the first pleading or other appearance on behalf of his client in the cause, produce evidence satisfactory to the court before which he wishes to appear, or to the presiding judge if there be two or more judges of the court, to the effect that the state in which he is then licensed and qualified to practice law has in force a statute or rule of practice of the character specified in R.S. 37:214. Upon the judge being satisfied of this, he shall enter an order authorizing the appearance of the visiting attorney before his court in the case. This order shall specifically refer to the appropriate statutory provision or to the requisite judicial recognition of the appropriate rule of practice of the other state in question.” R.S. 37:215.
“An applicant, who has been licensed to practice in another state or territory of the United States or in the District of Columbia must meet the conditions imposed on any other applicant.
A person licensed or qualified to practice as an attorney at law or as an attorney and counselor at law in any other state and temporarily present in this State (hereinafter termed a visiting attorney) may practice law in this State, if such visiting attorney acts in association with some attorney duly and regularly licensed and admitted to practice law by the Supreme Court of Louisiana.
A visiting attorney from a state which, either by statute or by some rule of practice accorded specific recognition by the highest court of said state, has adopted a rule of reciprocity that permits an attorney duly and regularly licensed and qualified to practice law by the Supreme Court of Louisiana to appear alone as an attorney in all courts of record in such other state without being required to be admitted to practice in such state and without being required to associate with himself some attorney admitted to practice in such other state, may engage in the practice of law in this State upon complying with the following conditions:
Whenever any visiting attorney desires to exercise the privilege of appearing alone as counsel of record in any case in any court of record in this State under the provisions of the preceding paragraph of this Section, such visiting attorney, before filing the first pleading, or other appearance on behalf of his client in said cause, shall produce evidence satisfactory to the judge of the court of record in this State before which he wishes to appear, or to the presiding judge if there be two or more judges of said court, to the effect that the state in which he is then licensed and qualified to practice law has in force a statute or rule of practice of the character specified in the preceding paragraph of this section, and, upon the said judge being satisfied of this, he shall enter an order on the pleading, or other appearance presented to him, authorizing the appearance of said visiting attorney before his court in said case, which order shall specifically refer to the appropriate statutory provisions or to the requisite judicial recognition of the appropriate rule of practice of the other state in question.” Art. 14, Sec. 9, Articles of Incorporation, La. State Bar Association.
The record reveals the following: At the time the original petition was filed plaintiff was represented by Louisiana counsel. Subsequently, that counsel withdrew, plaintiff retained and discharged several other Louisiana counsel, and then handled his case in proper person. Together with Mark Lane and April R. Ferguson, he then filed a motion to have those persons represent him “as co-counsel” and the April 20, 1979 order followed. Both the motion and the order were ex parte. Relators then objected to the order, and the judgment now before us followed. Other than evidence establishing the fact that neither Lane nor Ferguson is licensed to practice law in the State of Louisiana, no evidence at all was introduced at the hearing on the motion to strike. The record is totally devoid of any evidence *669 showing or tending to show either Lane or Ferguson is licensed to practice law in any state.[2]
We conclude the order and judgment complained of were improvidently issued and rendered. The above quoted controlling law has not been complied with in any respect. In addition, Lane and Ferguson do not here attempt to associate themselves with Louisiana counsel,[3] they attempt to become the sole attorneys for the plaintiff, a layman, and this is not changed by the fact that plaintiff appears in proper person. Of even greater significance is the fact that there is no showing that either Lane or Ferguson is licensed to practice law in any state.
For the reasons assigned, the writ is made peremptory and it is ordered that both the April 20,1979 trial court order and the October 31, 1979 trial court judgment be vacated, set aside and annulled.
WRIT MADE PEREMPTORY.

. R.S. Title 37, Chapter 4 — Appendix, at page 148. In this connection see R.S. 37:211 and Rule XVII of the Louisiana Supreme Court Rules.

. In a brief submitted in this court it is stated Lane is licensed to practice law in the state of New York and Ferguson is licensed to practice law in the states of Florida and Tennessee. These statements, of course, are not evidence and cannot be accepted as such.

. Even if this were true, there is a clear failure to follow the required procedure.